```
IN THE UNITED STATES DISTRICT COURT
  FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| MARY RIVERA, ) | |
| ) | |
| Plaintiff, ) | Case No. 15-cv-10481 |
| ) | |
| v. ) | Judge Robert M. Dow, Jr. |
| ) | |
| FCA US LLC – UAW PENSION BOARD OF ) | |
| ADMINISTRATION, formerly CHRYSLER ) | |
| GROUP, LLC – UAW PENSION BOARD OF ) | |
| ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mary Rivera brings this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq*. ("ERISA"), seeking clarification of whether she is a beneficiary of pension benefits by virtue of her ex-husband's participation in a pension plan. Before the Court is Defendant's motion for summary judgment [17]. For the reasons that follow, the Court grants Defendant's motion [17]. The Court will enter a final judgment and close the case.

**I.      Background**

The Court draws the relevant facts from Defendant's Local Rule 56.1 Statements of Material Facts [19] and Plaintiff's response to Defendant's Rule 56.1 Statement [20]. Plaintiff married Angel Rivera on February 3, 1988. [19, at ¶ 1.] Angel was employed by Chrysler corporation and was a participant in Chrysler Corporation – UAW Pension Plan, which is now known as the FAC US LLC – UAW Pension Plan. [*Id.*] Defendant is the administrator of the pension plan. [*Id.*] Plaintiff and Angel divorced on November 14, 1991. [*Id.* at ¶ 3.]

Plaintiff admits that the Judgment of Divorce incorporated a Marital Settlement Agreement that expressly provides that "each party shall have sole and exclusive possession of those items of personal property * * * including any bank accounts, pension, profit sharing plans, and/or retirement plans, in his or her name alone, free and clear of any claim on the part of the other." [19, Exhibit 2, at ¶ 6; see also 19, at ¶ 3; 20, at ¶ 3.] However, Plaintiff asserts that she did not know what a pension was at the time of her divorce. [20, at ¶¶ 3–4.] Plaintiff further admits that neither she nor Angel obtained or submitted a Qualified Domestic Relations Order ("QDRO") to the pension plan that provided Plaintiff any rights to Angel's pension. [19, at ¶ 4; 20, at ¶ 4.] A QDRO is a domestic relations order "which creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable to a participant under a pension plan[.]" 29 U.S.C. § 1056(d)(3)(B)(i)(I). In the absence of a QDRO, benefits under a pension plan may not be assigned or alienated. See 29 U.S.C. § 1056(d)(1), (d)(3)(a). Plaintiff asserts that she did not know what requirements were necessary to get Angel's benefits. [20, at ¶ 4.]

Angel died on August 27, 1997, before retiring from Chrysler Corporation. [19, at ¶ 5.] Plaintiff was not Angel's spouse at the time of his death. [*Id.*] Plaintiff alleges that shortly after Angel's death, she went to Chrysler's Belvidere plant to see what benefits she was entitled to under the terms of any plan in which Angel was a participant. [21 (Response Brief), at 2; 1 (Complaint) at ¶ 9.] Plaintiff further alleges that a Chrysler representative told Plaintiff that she was Angel's beneficiary for his pension and showed her a computer screen indicating that Plaintiff was listed as Angel's beneficiary. [21, at 2; 1 at ¶ 9.]

Plaintiff, through counsel, requested from Defendant information regarding Angel's interest in a pension plan. [18, at 3; 1, at ¶ 11.] Defendant asserts that it sent Plaintiff's attorney

2

a letter dated March 2, 2011 stating that the only person who could be eligible for any pension benefits upon Angel's death would be a current spouse or an ex-spouse as predetermined by a QDRO.[1] [19, at ¶ 6; 19, Exhibit 5.] The letter further states that "[s]ince there is no current spouse or QDRO for an ex-spouse on file for [Angel Rivera] there are no survivor benefits available for the ex-spouse, unless the ex-spouse can provide a Divorce Decree or other document to show that she is eligible for benefits." [19, Exhibit 5.]

Plaintiff alleges that she received a letter dated July 15, 2014 from Pension Benefit Information. [19, at ¶ 7.] The letter is addressed to Angel and states:

> The services of our firm, Pension Benefit Information, have been engaged by the former employer, plan or agency named below to update their records. * * * [Chrysler Corporation] is looking for the surviving spouse or beneficiary of the deceased person named in this letter. Please supply your name, relationship and current address so they can contact you regarding retirement benefits that may be due to you.

[19, at Exhibit 6; 19, at ¶ 7.] Defendant asserts that Pension Benefit Information is a company utilized by a pension plan service provider to assist in processing pension plan benefits. According to Defendant, the letter that Plaintiff allegedly received is "the standard letter that is sent to the last known address of a deceased Pension Plan participant who is known to have a deficient address on file." Defendant contends that the letter is sent to coincide with when the participant would have turned age 65 and that Pension Benefit Information would have had no knowledge of Plaintiff's status as an ex-spouse of Angel.[2] [19, at ¶ 8; 19, Exhibit 3 (Affidavit of James Bante, Defendant's Director of Retirement & Savings and a member of the Pension Plan Board of Administration), at ¶ 11.]

---

[1] In her response to Defendant's Rule 56.1 Statement, Plaintiff does not admit nor deny this allegation, and states that she "lacks sufficient knowledge to agree or dispute this fact." [20, at ¶ 6.]

[2] In her response to Defendant's Rule 56.1 Statement, Plaintiff does not admit nor deny this allegation, and states that she "lacks sufficient knowledge to agree or dispute this fact." [20, at ¶ 6.]

Plaintiff alleges that after receiving the July 2014 letter, she started contacting Pension Benefit Information about what benefits were due to her and that her counsel subpoenaed Chrysler for "any and all employee benefits plans for which [Angel] is/was a participant in, the plans' plan [sic] documents, summary plan descriptions, and other benefits statements, including an updated benefits statement." [1, at ¶ 16.] Plaintiff further alleges that Chrysler "provided plan documents, but no records of Mr. Rivera's beneficiary designation in a benefits statement." [*Id.* at ¶ 17.] On November 20, 2015, Plaintiff filed this suit requesting that Defendant "clarify [Plaintiff's] rights as a beneficiary under the plan." [19, at ¶ 9; 1, at ¶ 21.] Plaintiff's complaint does not request any monetary relief or any benefits from the pension plan. [19, at ¶ 9; 1, at ¶ 21.]

**II.     Legal Standard**

Constitutional standing, a limitation on the jurisdiction of federal courts, is "an essential and unchanging part of the case-or-controversy requirement of Article III [of the Constitution of the United States]." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). The party asserting jurisdiction bears the burden of establishing that jurisdiction is satisfied. *Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009).

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In evaluating a motion for summary judgment, the Court will construe all facts in the light most favorable to the nonmoving

party and draw all reasonable inferences in favor of the nonmoving party. *Bell v. Taylor*, 827 F.3d 699, 704 (7th Cir. 2016). However, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 892 (7th Cir. 2003).

**III.    Analysis**

Defendant argues that Plaintiff lacks standing to bring this suit seeking to clarify her benefits because she is not a beneficiary. Defendant further argues that it is entitled to summary judgment because Plaintiff has already received the relief requested in her complaint. The Court must first address Defendant's jurisdictional challenge. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93 (1998) (holding that it was improper for courts to skip over jurisdictional issues in order to reach the merits); *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 967 n.1 (7th Cir. 2013) ("The district court's failure to address jurisdiction before addressing the merits constituted error.").

ERISA § 502(a)(1)(B) provides that "[a] civil action may be brought * * * by a participant or beneficiary * * * to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C.A. § 1132. ERISA defines a "participant" as "any employee or former employee of an employer * * * who is or may be eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer[.]" 28 U.S.C. § 1002(7). ERISA defines a "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 28 U.S.C. § 1002(8).

To be considered a beneficiary, and thus have standing to bring a claim under ERISA, a plaintiff must show that she had a "colorable claim to benefits" at the time she filed suit. *Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 878 (7th Cir. 2001). Subject matter jurisdiction depends on an "arguable claim, not on success." *Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir. 1991) (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 109 (1989)). Thus, "[t]he requirement of a colorable claim is not a stringent one." *Neuma, Inc.* 259 F.3d at 878. The Court lacks subject matter jurisdiction only if the Plaintiff's claim is frivolous. *Kennedy* 924 F.2d at 700. As the Seventh Circuit has acknowledged, ERISA's standing requirements put courts in "the rather unusual position of having to adjudicate the merits of the case at a fairly preliminary stage of the proceedings." *Sallee v. Rexnord Corp.*, 985 F.2d 927, 930 (7th Cir. 1993).

Here, Plaintiff does not have a colorable claim to benefits. Plaintiff admits that (1) the Marital Settlement Agreement expressly provides that Plaintiff does not have any interest in Angel's pension and (2) neither she nor Angel obtained a QDRO that provided Plaintiff any rights to Angel's pension. [19, at ¶¶ 3, 4; 20, at ¶¶ 3, 4.] Since in the absence of a QDRO, benefits under a pension plan may not be assigned or alienated, 29 U.S.C. § 1056(d)(1), (d)(3)(a), Plaintiff's claim for benefits is not subject to reasonable debate.

Plaintiff argues that she has a colorable claim to benefits because an unnamed Chrysler representative told Plaintiff that she was a beneficiary at the Chrysler plant in Belvidere. [21, at 2.] However, Plaintiff does not offer any evidence supporting this allegation. Plaintiff also argues that the July 15, 2014 letter from Pension Benefit Information gives her reason to believe she is entitled to benefits. But Defendant has explained that the letter is "the standard letter that is sent to the last known address of a deceased Pension Plan participant who is known to have a

deficient address on file" and that Pension Benefit Information would have had no knowledge of Plaintiff's status as an ex-spouse of Angel. [19, at ¶ 8.] Further, nothing in the letter contradicts Plaintiff's admissions about the contents of the Marital Settlement Agreement and the absence of a QDRO, which demonstrate that Plaintiff is not a beneficiary of Angel's pension plan. The Court concludes that Plaintiff does not have a colorable claim to benefits and thus does not have standing to bring this suit. See *Sallee*, 985 F.2d at 929 (holding that plaintiffs did not have standing to bring an ERISA suit where "there is no question but that the [plaintiffs] could not prevail in a suit for benefits"); *Sladek v. Bell Sys. Mgmt. Pension Plan*, 880 F.2d 972, 979 (7th Cir. 1989) ("[S]tanding require[s] more than a naked claim that one was a beneficiary under ERISA.").

Additionally, even if Plaintiff did have standing to bring this suit under ERISA, the Court agrees with Defendant that Plaintiff has already received the relief requested in her complaint. The complaint requests that "[Defendant] clarify [Plaintiff's] rights as a beneficiary under the plan." [19, at ¶ 9.] Plaintiff was provided clarification of Angel's pension plan in Defendant's March 2, 2011 letter explaining that "[s]ince there is no current spouse or QDRO for an ex-spouse on file for [Angel Rivera] there are no survivor benefits available for the ex-spouse, unless the ex-spouse can provide a Divorce Decree or other document to show that she is eligible for benefits." [19, Exhibit 5.] Plaintiff states in her complaint that "FCA Chrysler provided plan documents, but no records of Mr. Rivera's beneficiary designation in a benefits statement." [1, at ¶ 18.] But Defendant has explained—and Plaintiff admits—that "[t]here is no means under the Pension Plan for a participant to name a 'beneficiary' of the participant's benefits prior to the participant's retirement.'" [19, at ¶ 10.] Plaintiff admits that under the terms of the pension plan, surviving ex-spouses are only eligible for benefits if they are named in a QDRO. [19, at

7

¶ 11; 20, at ¶ 11.] She further admits that neither Plaintiff nor Angel obtained a relevant QDRO. [19, a ¶ 4; see also 20, at ¶ 4.] In the absence of a QDRO, benefits under a pension plan may not be assigned or alienated. See 29 U.S.C. § 1056(d)(1), (d)(3)(a). Thus, there is no further documentation that Defendant can provide to Plaintiff to clarify her rights, or lack thereof, under her late ex-husband's pension plan. The Court concludes that Defendant is entitled to summary judgment.

## IV. Conclusion

For the reasons explained above, the Court grants Defendant's motion [17]. The Court will enter a final judgment and close the case.

Dated: February 2, 2017

_____
Robert M. Dow, Jr.
United States District Judge